DEFENDANT'S EXHIBIT A

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY,
FLORIDA
CIVIL DIVISION

MARY A. THOMAS,

Plaintiff,

-vs-

FAMILY DOLLAR STORES OF FLORIDA,
INC., CASE NO.:

Defendant.
_______________________________/

**COMPLAINT**

COMES NOW the Plaintiff, MARY A. THOMAS, by and through her undersigned attorneys, and sues Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, Plaintiff, MARY A. THOMAS, was a resident of Hillsborough County, Florida.

3. At all times material hereto, the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., was authorized and doing business in Hillsborough County, Florida.

4. At all times material hereto, Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., owned, operated and maintained a store located 4900 North 40th Street, Tampa, FL, Hillsborough County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. On October 5, 2015, the Plaintiff, MARY A. THOMAS, went to the FAMILY DOLLAR STORES OF FLORIDA, INC., store located at the above address to purchase items.

6. On the date and at the place aforesaid, the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., owed the Plaintiff, MARY A. THOMAS, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, MARY A. THOMAS.

7. On the date of the incident, Family Dollar Stores of Florida, Inc., by and through its employees, servants, and/or agents could reasonably anticipate that its mode of operation for ensuring that the floor of the store was not left in a slippery and dangerous condition was not reasonable.

8. On the date and at the place aforesaid, the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., breached the duty owed to the Plaintiff, MARY A. THOMAS, by committing one or more of the following omissions or commissions:

a. Negligently failed to maintain or adequately maintain the floor space in and around the middle of the store by allowing a substance which appeared to be water to remain on said floor, for the safety of the Plaintiff, MARY A. THOMAS, as she walked across said floor;

b. Negligently failed to inspect or adequately inspect the floor space in and around the middle of the store, to determine whether the substance which appeared to be water existed on said floor, for the safety of the Plaintiff, MARY A. THOMAS;

c. Negligently failed to warn or adequately warn the Plaintiff, MARY A. THOMAS, of the danger of slipping on the substance which appeared to be water when she entered the floor space in and around the middle of the store when the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., knew or should have known of said danger and that the Plaintiff, MARY A. THOMAS, was unaware of said danger; and

d. Negligently failed to correct, or adequately correct the dangerous condition of the substance which appeared to be water on the floor in and around the middle of the store when said dangerous condition was known to the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., or had existed for a sufficient length of time so that the Defendant should have known of it.

e. In acting by and through one of the stores employees, spilling water on the floor in and around the middle of the store and thereby creating a dangerous condition.

f. Negligently training or supervising its employees to avoid creating dangerous conditions on the property.

9. As a direct and proximate cause of the negligence of the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., as heretofore alleged, the Plaintiff, MARY A. THOMAS, slipped on the substance which appeared to be water, and when she fell she sustained injuries and damages as hereinafter alleged.

10. As a direct and proximate result of the negligence of the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., as heretofore alleged, the Plaintiff, MARY A. THOMAS, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, MARY A. THOMAS, will sustain said loss in the future.

WHEREFORE, the Plaintiff, MARY A. THOMAS, demands judgment against the Defendant, FAMILY DOLLAR STORES OF FLORIDA, INC., in an amount in excess of

Fifteen Thousand ($15,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 14 day of February, 2017.

Michael C. Bird, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MBird@ForThePeople.com
TEgner@ForThePeople.com
Florida Bar #: 0059691
Attorney for Plaintiff(s)