# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARY A. THOMAS,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:17-cv-583-T-30AEP**

**FAMILY DOLLAR STORES OF**
**FLORIDA, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendant's Response in Opposition (Dkt. 8). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Mary A. Thomas commenced this negligence action on or about February 14, 2017, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Plaintiff seeks damages against Defendant Family Dollar Stores of Florida, Inc. related to a slip-and-fall injury she sustained at one of Defendant's stores. Specifically, the complaint claims that Plaintiff ". . . was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole;

incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature" and that Plaintiff "will sustain said loss in the future." (Dkt. 2).

On March 9, 2017, Defendant timely removed the complaint to this Court based on diversity jurisdiction. The notice of removal indicates that the parties are diverse and Plaintiff's damages exceed the amount in controversy. Defendant relies, in relevant part, upon the allegations in the complaint, Plaintiff's pre-suit demand letter, which demanded over $75,000 and documented past medical expenses totaling $17,155, and a "Comprehensive Therapeutic Treatment Course Summary" from Plaintiff's orthopaedic surgeon, wherein that doctor estimated future medical costs stemming from Plaintiff's injuries. In the summary, the doctor forecasted that Plaintiff's future medical costs "would be $2500 to $3000 a year for continued physical therapy and other therapeutic treatment modalities and up to $2500 a year for anti-inflammatory and pain analgesia." (Dkt. 1-5). Defendant contends that, based on the doctor's forecast, Plaintiff, who was 64 years old at the time of the subject incident, and who has a life expectancy of 19.52 years, would incur future medical costs in a range of approximately $97,600 to $107,360.

Plaintiff now moves to remand the case, arguing Defendant did not establish that the amount in controversy exceeds $75,000.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1)

complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state-court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If, however, a "plaintiff contests the defendant's allegation... '[R]emoval...is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable

inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. The complaint alleges extensive damages associated with significant personal injury. Defendant also provides evidence of Plaintiff's medical expenses incurred prior to filing this action (i.e., $17,155), Plaintiff's pre-suit demand, in which she demanded an amount greater than $75,000, and Plaintiff's future medical costs in a range from $97,600 to $107,360. It appears, based on the complaint's allegations, that Plaintiff also seeks damages for lost wages, future loss of earning capacity, and mental pain and suffering.

In sum, it would "suspend reality" to conclude that the damages do not exceed $75,000. And Plaintiff's arguments to the contrary are unpersuasive, especially because she does not provide the Court with any evidence rebutting Defendant's claim that the amount in controversy exceeds $75,000.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 7) is denied.

**DONE** and **ORDERED** in Tampa, Florida on May 1, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record